# Bradley v. The State.

## *Indictment for Robbery.*

1. *Evidence of possession of property shortly before robbery admissible.* On a trial under an indictment for robbery, testimony that, an hour or two before the alleged robbery, the person robbed had in his possession money of the value and description of that charged to have been taken from his person, is admissible; being confirmatory of the material fact that the person robbed had such money at the time of the alleged robbery, and tending to prove the ownership as alleged in the indictment.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOMAS M. ARRINGTON.

The appellant was indicted, tried and convicted for robbery, and sentenced to the penitentiary for five years.

The testimony for the State tended to show that the defendant, with two others, had robbed one Allen Givens of $7.85, of the following denominations: One five dollar bill, two one dollar silver pieces, and the rest in small change. The said Givens testified, as a witness for the State, that a short time before he was robbed, he was in the place of business of one O'Rear, and while there he took out his money and showed it to the witness O'Rear, and that it was of this money, which he had shown said O'Rear, that he was robbed. The State introduced the said O'Rear as a witness, and he testified, that on the evening of the alleged robbery, Allen Givens, who was in his place of business, took his pocket-book out of his pocket and counted out, in the presence of the said O'Rear, one five dollar bill, two silver dollars, and some small change. The defendant objected to this tes-

timony, and moved to exclude the same. The court overruled the objection, and the defendant duly excepted. This ruling presents the only question reserved for review on this appeal.

No counsel marked as appearing for appellant.

WM. L. MARTIN, Attorney-General, for the State.

BRICKELL, C. J.—The general rule in regard to the relevancy of testimony is, that facts and circumstances, which are incapable of affording any reasonable presumption or inference in reference to a material fact or inquiry involved in the issue, are irrelevant and inadmissible. But facts and circumstances which have a tendency to shed light upon a material inquiry, which are pertinent and not foreign to the issue, though, if disconnected from other evidence, are of themselves incapable of affording a reasonable presumption or inference, are admissible. The testimony of the witness O'Rear, that an hour or two before the occurrence of the alleged robbery, the prosecutor had in his possession money of the description and value charged to have been taken from his person, was properly admitted. It was, as to the material fact that the prosecutor had such money at the time of the alleged robbery, confirmatory of his testimony, and for this reason was admissible.—1 Taylor on Evidence, Sections 335, 336. The possession of personal property is *prima facie* evidence of ownership, and the evidence was admissible for the further purpose of proving the material fact of ownership, as alleged in the indictment. The admission of this evidence is the only question raised on the record; and the judgment of the city court is affirmed.